UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNIE GAY,

                Plaintiff,

-against-

BONSECOURS MERCY HEALTH,

                Defendant.

25-CV-3779 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Midlothian, Chesterfield County, Virginia, brings this *pro se* action alleging that Defendant discriminated against him on the basis of his race in Richmond, Virginia. The Court construes the complaint as asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964. Named as Defendant is Bonsecours Mercy Health, for which Plaintiff provides a Cincinnati, Ohio address. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Virginia.

## DISCUSSION

      Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

      Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant discriminated against him in Richmond, Virginia. While Plaintiff states that Defendant maintains an office in Cincinnati, Ohio, he also alleges that he worked at Defendant's office in Richmond. Plaintiff alleges no facts suggesting that the unlawful employment practice occurred in this District, that any employment records are maintained in this District, that he would have worked in this District but for the unlawful employment practice, or that Defendant maintains its principal office in this District.[1] Venue therefore is not proper in this District under Section 2000e-5(f)(3).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff alleges that his employer discriminated against him in Richmond, Virginia, which is in the Eastern District of Virginia. *See* 28 U.S.C. § 127(a). Accordingly, venue lies in the Eastern District of Virginia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of Virginia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia. Whether Plaintiff should be permitted to proceed further

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 12, 2025
         New York, New York

                                                   /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[2] The Court notes that Plaintiff did not pay the filing fees to bring this action or file an application to proceed *in forma pauperis*.